UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JANELLE EDWARDS, et al.,

               Plaintiffs,            **MEMORANDUM & ORDER**

     - against -                           05-CV-2735 (RRM)(ARL)

CENTER MORICHES UNION FREE
SCHOOL DISTRICT, et al.,

               Defendants.
----------------------------------------------------X
MAUSKOPF, United States District Judge.

Currently pending before this Court is Defendant Tom Krestos' objection to a November 10, 2008 Order (the "Order") issued by Magistrate Judge Arlene R. Lindsay. Upon review of the record, this Court remands the matter to the Magistrate Judge to set forth the reasons underlying that Order, and for any other proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL BACKGROUND

At a September 2008 deposition in this action, Plaintiffs' counsel[1] instructed deponent Curtis Edwards, a non-party witness and father of several of the Plaintiffs, not to answer questions concerning Edwards' prior criminal convictions. The parties attempted to reach the Magistrate Judge and were instructed by chambers staff, pursuant to the Magistrate Judge's usual practice, to complete the deposition and to proceed by formal motion. On October 1, 2008, Defendant moved to compel a further deposition of the witness, solely to inquire regarding the

---

[1] For deposition purposes, Edwards was represented by Plaintiff's counsel. Defendant did not, and does not, challenge Plaintiff counsel's representation of Edwards, nor does Defendant challenge Plaintiff's standing to object to questions concerning Edwards' criminal history.

witness's prior criminal history. Defendant maintained that as a potential trial witness,[2] Mr. Edward's credibility is at issue and that, pursuant to Federal Rule of Evidence 609 ("FRE 609" or "Rule 609"), evidence of prior convictions is discoverable for potential impeachment purposes. In opposing a further deposition,[3] Plaintiff's counsel maintained that Mr. Edwards' criminal record is irrelevant, and that Defendant has embarked on a "fishing expedition" without a good faith basis for the inquiry, and that in any event, the evidence is more prejudicial than probative.

The Magistrate Judge held a telephone conference with the parties on October 24, 2008. Although the conference itself was not recorded, the Magistrate Judge issued a Minute Order [Docket no. 101] containing, inter alia, the following directive:

> Defendants' motion to compel non-party witness Curtis Edwards is granted in part. Defendants may depose Mr. Edwards as to any felony convictions for crimes involving dishonesty or false statement that occurred within the last ten years.

On November 5, 2008, Defendant appealed the Order of the Magistrate Judge, arguing that the Magistrate Judge's Order was contrary to law in that it restricted the scope of any further deposition more than defendants would be restricted at trial under Rule 609. The Magistrate Judge held a further telephone conference with the parties on November 10, 2008. Although this conference was not recorded, the Magistrate Judge issued a Minute Entry [Docket no. 109] containing, inter alia, the following:

> Upon review, the undersigned clarifies that the previous order granting defendant Tom Krestos's motion to depose Mr. Edwards is limited to convictions occurring within the last ten years and all felony convictions involving crimes of dishonesty or false statement.

---

[2] Plaintiffs have named Mr. Edwards as a trial witness.

[3] It appears that Plaintiffs did not file a response to Defendant's October 1, 2008 motion until directed to do so by the Magistrate Court on October 9, 2008.

2

Defendant Krestos now appeals this Order, and Plaintiffs oppose that appeal. [Docket no. 110, 111], both raising, once again, the boundaries set forth in FRE 609 as the basis for their respective arguments.[4]

## DISCUSSION

A District Court must set aside a non-dispositive discovery order only if it is clearly erroneous or contrary to law. Fed R. Civ. P. 72(a). An order is "clearly erroneous" only when the reviewing court, based on the entire evidence, is left with the definite and firm conviction that a mistake has been committed, and an order is "contrary to law" when it fails to apply or misapplies relevant statutes, case law or rules of procedure. Weiss v. La Suisse, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001). As relevant to the instant matter, discovery matters are generally considered non-dispositive and thus governed by Rule 72(a). Weiss, 161 F. Supp. 2d at 320-21.

Rule 26(b)(1) governs the scope of discovery, and allows a party to obtain "any non-privileged matter relevant to any party's claim or defense. The rule contemplates that discovery is broader than admissibility, specifically stating that "relevant information need not be admissible at trial if it is reasonably calculated to lead to the discovery of admissible evidence." It is well settled that "information showing that a person having knowledge of discoverable facts may not be worthy of belief is always relevant to the subject matter of the action," and thus prior convictions of a witness, themselves admissible pursuant to the requirements of FRE 609 are not generally excluded from discovery. 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2015 (2d ed. 1994).

---

[4] The Minute Entry further indicates that Defendant Krestos withdrew his appeal of the previous Order, and that "to the extent that the foregoing supersedes the undersigned's previous order, defendant shall not be time barred from raising an appeal of this superseding order."

3

There are, of course, limits to discovery. Where, as here, a deponent fails to answer a question asked during a deposition, a party may move to compel disclosure. See Fed. R. Civ. P. 37(a)(3)(B)(i). In ruling on the motion, the court may issue a protective order under Rule 26(c). See Fed. R. Civ. P. 37(a)(5)(B),(C). A protective order must be made upon a showing of "good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

As both parties have argued, FRE 609 governs the use of prior convictions for purposes of impeachment at trial. Inherent in the rule are certain limits on the admissibility of this type of evidence. That is, as to convictions generally, only felony convictions are admissible, subject to the traditional balancing pursuant to FRE 403. See Fed. R. Evid. 609(a)(1). However, convictions relating to dishonesty and false statement are admissible without regard to the degree of punishment or the Rule 403 balance. See Fed. R. Evid. 609(a)(2). As to all convictions, the rule presumes that convictions greater than ten years old are not admissible unless "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." See Fed. R. Evid. 609(b).

Here, the record is silent as to the basis for the Magistrate Judge's November 10th Order, and is further clouded by the fact that the Order was issued to "clarify" a previous order on this very issue. Thus, this Court cannot determine if the requisite showing for a protective order was

There are, of course, limits to discovery. Where, as here, a deponent fails to answer a question asked during a deposition, a party may move to compel disclosure. See Fed. R. Civ. P. 37(a)(3)(B)(i). In ruling on the motion, the court may issue a protective order under Rule 26(c). See Fed. R. Civ. P. 37(a)(5)(B),(C). A protective order must be made upon a showing of "good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

As both parties have argued, FRE 609 governs the use of prior convictions for purposes of impeachment at trial. Inherent in the rule are certain limits on the admissibility of this type of evidence. That is, as to convictions generally, only felony convictions are admissible, subject to the traditional balancing pursuant to FRE 403. See Fed. R. Evid. 609(a)(1). However, convictions relating to dishonesty and false statement are admissible without regard to the degree of punishment or the Rule 403 balance. See Fed. R. Evid. 609(a)(2). As to all convictions, the rule presumes that convictions greater than ten years old are not admissible unless "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." See Fed. R. Evid. 609(b).

Here, the record is silent as to the basis for the Magistrate Judge's November 10th Order, and is further clouded by the fact that the Order was issued to "clarify" a previous order on this very issue. Thus, this Court cannot determine if the requisite showing for a protective order was

There are, of course, limits to discovery. Where, as here, a deponent fails to answer a question asked during a deposition, a party may move to compel disclosure. See Fed. R. Civ. P. 37(a)(3)(B)(i). In ruling on the motion, the court may issue a protective order under Rule 26(c). See Fed. R. Civ. P. 37(a)(5)(B),(C). A protective order must be made upon a showing of "good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

As both parties have argued, FRE 609 governs the use of prior convictions for purposes of impeachment at trial. Inherent in the rule are certain limits on the admissibility of this type of evidence. That is, as to convictions generally, only felony convictions are admissible, subject to the traditional balancing pursuant to FRE 403. See Fed. R. Evid. 609(a)(1). However, convictions relating to dishonesty and false statement are admissible without regard to the degree of punishment or the Rule 403 balance. See Fed. R. Evid. 609(a)(2). As to all convictions, the rule presumes that convictions greater than ten years old are not admissible unless "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." See Fed. R. Evid. 609(b).

Here, the record is silent as to the basis for the Magistrate Judge's November 10th Order, and is further clouded by the fact that the Order was issued to "clarify" a previous order on this very issue. Thus, this Court cannot determine if the requisite showing for a protective order was

made,[5] or assess what factors informed the Magistrate Judge's decision.

Moreover, the Order does not appear to mirror the requirements of FRE 609. For example, as to crimes of dishonesty, the Order appears to limit disclosure to felonies only, while the rule contemplates the admissibility of those crimes whether punishable as a felony or misdemeanor, subject only to the rule's specific balancing of interests for crimes more than ten years old. The Order further limits inquiry "to convictions occurring within the last ten years." As written, the Order is unclear as to whether this temporal restriction applies to all convictions, including those related to dishonesty and false statement, and the record contains no grounds for why this limit was imposed. The rule contemplates some circumstances in which convictions older than ten years may be admissible, yet the Order precludes their disclosure. This is precisely the objection that Defendant raises on appeal.

This is not to say that the Order was issued without cause; indeed, sufficient good cause may have been articulated at either or both of the underlying off-record telephone conferences. However, in the absence of a clear record, this Court may not speculate as to the reasons for limiting discovery, nor is it appropriate to substitute its own judgment on the issue. The Magistrate Judge is well-versed in the facts and issues surrounding this case having presided over discovery in this matter for more than three years. But without further clarification of the

---

[5] Although this Court does not exclude the possibility that Plaintiffs did articulate a sufficient basis for the issuance of a protective order during either or both of the telephone conferences in this matter, it is clear that such reasons were not alleged in Plaintiffs' court-ordered response to Defendant's motion to compel. There, Plaintiffs merely renewed their prior deposition objection that Edwards' criminal history, if any, was irrelevant to the action. As Defendant correctly states, a relevance objection is not a proper ground on which to instruct a witness not to answer or to terminate a deposition. Federal Rule of Civil Procedure 30(c) states: "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." The Rule 30(d)(3) motion described refers to a protective order necessary to prevent bad faith conduct where an examiner abuses discovery to unreasonably annoy, embarrass, or oppress the deponent or party. The available record does not indicate, however, that Plaintiffs presented any such motion here -- a fact that goes to the very heart of the current discovery dispute.

record, this Court cannot discharge its role pursuant to Rule 72 to determine whether the Order at issue is clearly erroneous or contrary to law.

## CONCLUSION

For the reasons set forth above, the matter is remanded to the Magistrate Judge for further proceedings consistent with this Order.

SO ORDERED.

Dated: Brooklyn, New York
March 9, 2009

_____
ROSLYNN R. MAUSKOPF
United States District Judge