UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
J.E., C.E., C. E. Jr., and S.E., as infant plaintiffs
by their mother and natural guardian,
VICTORIA EDWARDS, individually,

                      Plaintiffs,

           - against -

CENTER MORICHES UNION FREE SCHOOL
DISTRICT, CENTER MORICHES HIGH SCHOOL,
CENTER MORICHES BOARD OF EDUCATION,
DR. PHILLIP CICERO, in his individual and official
capacity, LINO BRACCO, in his individual and
official capacity, MICHAEL CRUZ, in his individual
and official capacity, DR. BERT NELSON, in his
individual and official capacity, TOM KRETSOS,
in his individual and official capacity, BILL STRAUB,
in his individual and official capacity, MARC
TROCCHIO, in his individual and official capacity,
and VERONICA TREDWELL, in her individual and
official capacity,

                   Defendants.
-------------------------------------------------------------------X

**ORDER**
05-CV-2735(RRM) (ARL)

**ROSLYNN R. MAUSKOPF, United States District Judge**.

      By motions filed April 13, 2011, the District Defendants[1] and defendant Tom Kretsos moved for summary judgment of all plaintiffs' claims. (Doc. Nos. 157, 158.) By Order entered October 25, 2011, this Court referred those motions to the assigned Magistrate Judge, the Honorable Arlene R. Lindsay, for a Report and Recommendation. On August 7, 2012, Judge Lindsay issued a Report and Recommendation (the "R&R") recommending that this Court grant the motions for summary judgment on the federal claims, decline to exercise supplemental jurisdiction over any state claims, and dismiss those state claims without prejudice. (Doc. No. 167.) On August 22,

---

[1] Capitalized terms have the same meaning as defined in the Report and Recommendation issued on August 7, 2012. (Doc. No. 167.)

2012, plaintiffs filed objections. (Doc. No. 175.) On September 13, 2012, the District Defendants responded thereto (Doc. No. 177), and on September 18, 2012, defendant Kretsos responded thereto (Doc. No. 178). For the reasons set forth below, this Court finds plaintiffs' objections to be without merit, and adopts the thorough and well-reasoned R&R in its entirety.

## DISCUSSION

When reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party raises an objection to an R&R, "the court is required to conduct a *de novo* review of the contested sections." *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, where an objection consists of "conclusory or general arguments" or is merely an "attempt to engage the district court in rehashing of the same arguments set forth in the original petition," clear error review is appropriate. *DiPilato v. 7–Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). Likewise, a district court is not required to review *de novo*, and may instead review for clear error, those portions of a report and recommendation to which no specific objections are addressed. *See Id*.

Notably, plaintiffs do not object to the majority of recommendations to dismiss plaintiffs' causes of action, including dismissal of: the First Amendment Retaliation claim, the municipal liability claims, the conspiracy claims under 42 U.S.C. § 1985 and 1986, the Title VI claims, claims against defendant Dr. Bert Nelson based on quasi-judicial immunity, and the individual claims against defendants Cicero, Bracco, Cruz, Straub, Trocchio, and Treadwell. Although only required to conduct a review for clear error, this Court finds in its *de novo* review that these claims are

dismissed for the reasons articulated in the R&R.[2]

However, plaintiffs do object to the recommendations that their substantive due process, procedural due process, and equal protection claims be dismissed. In light of plaintiffs' objections, this Court has reviewed these claims *de novo*.

Concerning their substantive due process claims, plaintiffs contend that the magistrate judge impermissibly made findings of fact, in favor of the defendants, concerning the extent of plaintiffs' physical and psychological injuries, and the sequence of events related to defendant Kretsos' alleged use of racial epithets and alleged punching of plaintiffs J.E.[3] and C.E.[4] Specifically, plaintiffs assert that their physical and psychological injuries were "substantial," that "Defendant Kretsos yelled racist slurs at Plaintiffs prior to the altercation inside the school building and contemporaneously to punching both female Plaintiffs," and that "at the time Defendant Kretsos punched both infant Plaintiffs [J.E.] and [C.E.] in the face, the altercation had ceased." (Pls. Obj. at 5, 8.) Plaintiffs argue that because they allege substantial injury, it follows that defendant Kretsos

---

[2] The R&R also recommends dismissal of (i) the infant plaintiffs' substantive due process claims based on alleged violations in connection with the disciplinary hearing, imposition of discipline, and the provision of tutoring services, and (ii) the infant plaintiffs' equal protection claims based on alleged violations in connection with the April 4, 2003 incident and the provision of tutoring services. Because plaintiffs have failed to address or respond to any of the defendants' arguments regarding these claims and do not object to these recommendations, this Court finds that these claims have been abandoned and, as such, are dismissed. *See Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003). Additionally, the R&R recommends dismissal of plaintiff C.E.'s claim that her substantive due process rights were violated in the school's attempt to force her back to attend school. Because this claim was raised for the first time in plaintiffs' opposition papers, and plaintiffs do not object to this recommendation, this claim is likewise dismissed. *See Casseus v. Verizon N.Y., Inc.*, 722 F. Supp. 2d 326, 344 (E.D.N.Y. 2010).

[3] Pursuant to Federal Rule of Civil Procedure 5.2., the minor plaintiffs are referenced by their initials in this Order to protect their privacy.

[4] In support of their arguments concerning improper factual findings, disputed facts, and misapplication of the law, plaintiffs rely on the declaration of Fredrick K. Brewington, which contains factual averments concerning underlying events that are not within the personal knowledge of the attorney and purport to give the attorney's interpretation of evidence. This is in violation of this Court's individual practices and fails to create a genuine issue of material fact under Federal Rule of Civil Procedure 56.

must have applied force maliciously or sadistically to plaintiffs J.E. and C.E; yet, plaintiffs do not cite any case law involving a Fourteenth Amendment substantive due process claim to support their theory.  Also, plaintiffs contend that because they allege that defendant Kretsos shouted racial slurs prior to and during the second altercation on April 4, 2003, that it follows there is a genuine issue of material fact whether defendant Kretsos acted maliciously or sadistically.  But as the magistrate judge noted, and this Court hold after *de novo* review, there is no evidence, other than the two racial slurs allegedly uttered by defendant Kretsos on April 4, 2003 in the context of two altercations involving multiple students, that defendant Kretsos was motivated by racial animus nor is there any evidence that defendant Kretsos applied force maliciously or sadistically to either J.E. or C.E. Moreover, while neither this Court nor the magistrate judge condones the use of racial slurs, plaintiffs' claims do not rise to the level of a constitutional violation.  *See Yap v. Oceanside Union Free Sch. Dist.*, 303 F. Supp. 2d 284, 297 (E.D.N.Y. 2004) (holding that allegations of racist statements made by school staff to a student was insufficient to raise a substantive due process claim).

Plaintiffs further argue that there is a dispute concerning whether defendant Kretsos was trying to stop the fight when he was alleged to have punched plaintiff J.E.  However, this is not a dispute of material fact.  However, upon *de novo* review, the uncontroverted evidence demonstrates that defendant Kretsos attempted to stop the fight between J.E. and another student, and even physically interjected himself between the two fighting students.  Whether defendant Kretsos punched plaintiff J.E. during the fight—as plaintiff S.E. testified—or immediately after the fight— as plaintiff C.E. testified—is immaterial.  It was during the context of attempting to stop an altercation that defendant Kretsos allegedly punched J.E. and C.E.  Even taking as true all of the facts exactly as described and characterized in plaintiffs' opposition papers, plaintiffs' substantive due process claims still do not rise to the level of a constitutional violation as a matter of law.  *See*

4

*Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 173 (2d Cir. 2002) (holding that allegations of a teacher hitting a student for breaking an egg in class was insufficient to raise a substantive due process claim); *Perrin v. Canandaigua City Sch. Dist.*, 08-cv-6135L, 2008 WL 5054241, at *4 (W.D.N.Y. Nov. 21, 2008) (holding that allegations of a gym teacher pulling a student's arms behind his back, forcing the student through a door into the locker room, and punching and poking the student in the chest while berating him with use of foul, profane, and demeaning language was insufficient to raise a substantive due process claim).

Additionally, plaintiffs contend that the defendants violated plaintiff Victoria Edwards' substantive due process rights by filing a PINS petition and making a report to Child Protective Services to have plaintiff C.E. returned to school. In support of their contention, plaintiffs argue that the magistrate judge incorrectly found that plaintiff Victoria Edwards' safety concerns regarding the school environment were subjective. Plaintiffs also assert that the magistrate misstated and misapplied the law concerning the purpose of the PINS action and concerning a liberty interest on behalf of a parent to dictate the educational environment of a child of compulsory education age or a constitutional parental right not to be forced to place such child in a school environment that the parent perceives to be unsafe. However, plaintiffs have not provided, nor did the magistrate judge or this Court find, any case law to support such a claim.

Regarding their procedural due process claims, plaintiffs argue that the magistrate judge erroneously found that plaintiffs had the opportunity to confront witnesses during an administrative disciplinary hearing, and misstated and misapplied the law in considering the tutoring services and the denial of tutoring services. These objections are simply an attempt to rehash the same arguments that the magistrate considered and found deficient. Nonetheless, this Court goes beyond its obligation to review for clear error and finds, in its *de novo* review, that the process afforded to the infant plaintiffs related to their disciplinary hearings, the post-deprivation procedure related to

5

the tutoring, and subsequent denial of tutoring satisfy the requirements of due process. Concerning the disciplinary proceedings, there is no genuine issue of material fact concerning the process afforded to the infant plaintiffs; they were provided (i) timely notice of the pending charges against them, (ii) a full opportunity to present their case at a formal disciplinary hearing prior to the decision to suspend each of them, and (iii) the ability to challenge that suspension on appeal. *See DeFabio v. East Hampton Union Free Sch. Dist.*, 658 F. Supp. 2d 461, 489-91 (E.D.N.Y. 2009) (holding that due process was afforded where plaintiffs were given written notice of the charges against them, a full opportunity to present their case at a formal hearing prior to the decision to suspend, and provided procedures to challenge the decision). With respect to the adequacy of the tutoring and subsequent denial of tutoring services, it is undisputed that the state provided meaningful post-depravation remedies. Indeed, plaintiff Victoria Edwards challenged the adequacy of the tutoring with the New York State Department of Education; she received notice in writing that the home instruction for infant plaintiff C.E. would end upon the expiration of her suspension from school; and she had the opportunity to address her concerns with school district officials. *See Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881-82 (2d Cir. 1996) (holding that "there is no constitutional violation (and no available § 1983 action) when there is an adequate state post-deprivation procedure to remedy a random, arbitrary deprivation of property or liberty").

Finally, plaintiffs argue that the magistrate incorrectly recommended dismissal of their equal protection claim because the magistrate judge ignored the plaintiffs' experts' testimony and certain findings regarding selective enforcement. It is apparent that the magistrate did consider evidence of selective enforcement. *See* R&R at 37-43. Nevertheless, plaintiffs' evidence of selective enforcement does not demonstrate that a similarly situated student of a different race or national origin who was involved in a fight, riot, or physical altercation with a security guard was more

6

favorably treated than the infant plaintiffs. Thus, because no rational juror could find that plaintiffs have shown they were treated differently than other similarly situated individuals, plaintiffs claim fails as a matter of law. *See Vassallo v. Lando*, 591 F. Supp. 2d 172, 184-85 (E.D.N.Y. 2008) (granting summary judgment on equal protection claim where student-plaintiff failed to raise a genuine issue of material fact over whether student-plaintiff was treated differently than other similarly situated students).

## CONCLUSION

Upon a *de novo* review of Judge Lindsay's thorough and well-reasoned R&R, and the factual and procedural record upon which it is based, plaintiffs' objections are overruled, and the R&R is adopted in its entirety. Accordingly, defendants' motions for summary judgment on all federal claims are GRANTED. Further, this Court declines to exercise supplemental jurisdiction over plaintiffs' state claims. The Clerk of the Court is directed to enter Judgment accordingly and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
       September 22, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge